# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICHAEL ANTHONY GATES,<br><br>　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-0010-LRR<br>No. CR07-0015-LRR<br><br>ORDER |

　　　　This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). The clerk's office filed such motion on January 13, 2016. Additionally, the movant filed a motion to amend (civil docket no. 2) on February 21, 2017.

　　　　The movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and motion to amend are untimely. *See generally* 28 U.S.C. § 2255(f). Moreover, relief is unavailable in light of the law. More specifically, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague. *See Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551, 2557 (2015). In *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), the United States Supreme Court made *Johnson's* holding retroactive to cases on collateral review. Here, however, the court did not sentence the movant under the ACCA. Instead, the court relied on the United States Sentencing Guidelines when sentencing the movant. And, on March 6, 2017, the United States Supreme Court concluded that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. *See Beckles v.*

*United States*, ___ U.S. ___, ___, ___ S. Ct. ___, ___, 2017 WL 855781, at *6 (Mar. 6, 2017). Therefore, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) and motion to amend (civil docket no. 2) are denied.[1] As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under

---

[1] The court notes that the movant's reliance on *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), which reiterated the methodology for determining whether a prior conviction qualifies as a violent felony for purposes of the ACCA, is unavailing because the Supreme Court did not recognize a new right that is retroactively applicable on collateral review. *Cf. Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (upholding dismissal under § 2255(f) because *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), did not involve "newly recognized" right). Additionally, *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), has no bearing on this case because (1) the Fifth Circuit Court of Appeals addressed the defendant's direct appeal claims, not claims raised in collateral proceedings under 28 U.S.C. § 2255, and (2) the court is required to apply the law as stated by the Eighth Circuit Court of Appeals and the Supreme Court, not the Fifth Circuit Court of Appeals. The court also notes that it properly relied on 21 U.S.C. § 851 when sentencing the movant. *See generally* 21 U.S.C. § 802(44) (defining "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law that prohibits or restricts conduct relating to narcotic drugs . . ."); *United States v. Figueroa-Alvarez*, 795 F.3d 892, 894-95 (8th Cir. 2015) (discussing meaning of "felony"); *United States v. Jones*, 559 F.3d 831, 837 (8th Cir. 2009) (rejecting argument that prior drug conviction could not be used to enhance sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851); *United States v. Postley*, 449 F.3d 831, 832 (8th Cir. 2006) (explaining that "felony offense" for sentencing purposes includes any federal, state or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed).

28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 13th day of July, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA